Mark Ahlemeyer, OSB #095997
Assistant Federal Public Defender
Email: Mark_Ahlemeyer@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD LEROY SMITH, JR.,<br>Defendant. | Case No. 3:26-cr-00078-AN-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Defendant, Donald Leroy Smith, Jr., through his counsel Mark Ahlemeyer, respectfully submits this Memorandum for the Court's review and consideration in determining a reasonable sentence that is "sufficient, but not greater than necessary," as required by 18 U.S.C. § 3553(a). A sentencing hearing is currently scheduled for August 26, 2026, at 2:00 P.M.

On May 27, 2026, Mr. Smith pleaded guilty to Influencing a Federal Official by Threat, in violation of Title 18, United States Code, Section 115(a)(l)(B). Specifically, Mr. Smith admitted that in November of 2025, he left a threatening voicemail on Senator-1's main office telephone number. As described below, Mr. Smith's conduct was a spontaneous reaction to a social media posting, and he had neither the intent nor the wherewithal to carry out the threat. In terms of a sentence that is sufficient but not greater than necessary, the government and the

defense jointly recommend a sentence of time-served, a three-year term of supervised release, 60-days of home confinement, and a $100 fee assessment.

## APPLICABLE LAW

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S.Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;
- To afford adequate deterrence to criminal conduct;
- To protect the public from further crimes of the defendant; and
- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3)-(7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

## SENTENCING REQUEST

Here, there is no dispute about the guidelines, the facts of the case, or the appropriate disposition. At the time of his conduct, Mr. Smith was struggling with long-standing depression

and PTSD. In his recent past, he had suicidal ideations and a lengthy period of homelessness. Although he was now—in November of 2025—in state supported housing, he had not yet connected with a new mental health provider.

While in a depressed mental state, Mr. Smith was scrolling through social media. He came upon a post that denigrated a recent statement made by Senator-1, with a prompt to the reader that they should call the senator to express their disagreement. The office phone number for the senator was prominently displayed on the post. Without thinking through his conduct, Mr. Smith hit the embedded link to the phone number and left the message that is the basis for this criminal charge.

Notably, Mr. Smith is not political and does not have any ill wishes to Senator-1 or any other politician. Mr. Smith does not adhere to any anti-government or anti-politician beliefs, and he does not even recall what the online post was complaining about. At the time, Mr. Smith possessed no dangerous weapons and had no means to carry out any threat physically—he did not have any money to travel, did not own a car or any means of travel, and did not possess identification with which to board a plane.

Mr. Smith was cooperative with law enforcement officers when he was confronted about the voicemail. He immediately confessed to his actions, and also admitted that he had unsuccessfully attempted to call the White House.[1] Officers searched his phone for concerning terms—such as "White House," "Washington D.C.," the names of the president and Senator-1, "kill," "gun," and "travel"—and found nothing responsive. They ultimately did not seize his

---

[1] Further demonstrating that Mr. Smith is not politically extreme with respect to either party, the White House administration and Senator-1 are from opposite political parties.

phone as it serves a critical medical purpose—Mr. Smith is a Type-1 diabetic and has an insulin pump, which he monitors and controls through an app on his phone.

As he expressed to law enforcement at the time, Mr. Smith was not serious when he made the threat and he greatly regrets doing so. He is now engaged with mental health treatment through VOA, and the parties jointly recommend that such treatment be a condition of his supervised release. In addition, the parties will jointly recommend that Mr. Smith be ordered to a 60-day period of home confinement. Given all of the factors for this Court to consider, the parties' jointly proposed sentence is a reasonable and just outcome, and the defense respectfully requests that the Court adopt that recommendation.

Dated: August 19, 2026.

*s/ Mark Ahlemeyer*
Mark Ahlemeyer, OSB #095997